UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNA LOng, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-00519-WTL-DKL |
| ) | |
| CAROLYN COLVIN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Donna Long ("Long") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Long's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Honorable William T. Lawrence, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 23.] For the reasons set forth below, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

I. **BACKGROUND**

A. **Procedural History**

Long filed applications for DIB and SSI in January 2009, alleging an onset of disability of January 7, 2009. [Dkt. 12-2 at 20.] Long's applications were denied initially on, and upon reconsideration. Long requested a hearing, which was held on July 29,

1

2011, before Administrative Law Judge Robert Senander ("ALJ").  The ALJ denied Long's application on August 15, 2011.  *Id*.  On December 26, 2011, the Appeals Council vacated the ALJ's decision and remanded the case to ALJ John Metz.  A separate hearing was held on September 9, 2013.  The ALJ issued an unfavorable decision on September 26, 2013.  [Dkt. 12-2 at 17.]  The Appeals Council denied Long's request for review of the ALJ's decision on January 31, 2014, making the ALJ's decision final for purposes of judicial review.  Long filed her Complaint with this Court on April 4, 2014.  [Dkt. 1.]

### B.  Factual Background and Medical History

Long was born on March 31, 1967 and was 41 years old at the alleged onset of disability.  She has a ninth grade education and no GED.  The ALJ found Long had the following severe impairments: multiple sclerosis, migraine headaches, low back pain, left carpal tunnel syndrome, fibromyalgia, obesity and depression. As the ALJ thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Long requests review.

## II.   LEGAL STANDARDS

### A.  Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To evaluate a disability claim, an ALJ must use the following five-step inquiry:

2

> Step One:    Is the claimant currently employed;
> Step Two:    Does the claimant have a severe impairment or combination of impairments;
> Step Three:  Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;
> Step Four:   Can the claimant perform his past relevant work; and
> Step Five:   Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520.  *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).  The individual claiming disability bears the burden of proof at steps one through four.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity.  20 C.F.R. § 404.1560 (c) (2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision.  *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation omitted).  This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations.  Nor may be reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for

3

>> that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

### III. DISCUSSION

Long's sole argument on review focuses on her contention that the opinion of her treating physician, Dr. Nydia Nunez-Estrada, deserved to be given greater weight by the ALJ. On August 9, 2013, Dr. Nunez-Estrada completed a single-page medical source statement reciting Long's physical work limitations. The form document contains no analysis or explanation of the restrictions. Dr. Nunez-Estrada circled each appropriate response without comment. For example, the doctor circled "two hours" for the amount of time Long could stand/walk total in a workday and "more than 4 days per month" for the average amount of days Long likely would be absent from work. Despite the fact that this statement is the only document completed by Dr. Nunez-Estrada in Long's entire medical record, the parties do not dispute she served as Long's treating physician.

4

The ALJ considered Dr. Nunez-Estrada's opinion, however assigned it reduced weight because it was not supported by the objective medical evidence and Long's reports of daily activities.  The ALJ also gave no weight to Dr. Nunez-Estrada's opinion that Long would be absent more than four day a month.  Long argues Dr. Nunez-Estrada's opinion deserves greater weight.  She also argues the ALJ did not properly consider the factors required by regulation to determine the weight of Dr. Nunez-Estrada's opinion.

A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is (1) supported by medical findings; and (2) consistent with substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2).  A decision to deny a physician's opinion controlling weight does not prevent the ALJ from considering it, however, and the ALJ may still look to the opinion after opting to afford it less evidentiary weight. Exactly how much weight the ALJ affords depends on a number of factors, such as the length, nature, and extent of the physician and claimant's treatment relationship, *see* 20 C.F.R. § 404.1527(d)(2)(I)-(ii), whether the physician supported his or her opinions with sufficient explanations, *see id.* § 404.1527(d)(3), and whether the physician specializes in the medical conditions at issue, *see id.* § 404.1527(d)(5).  If the ALJ discounts the physician's opinion after considering these factors, the court must allow that decision to stand so long as the ALJ "'minimally articulate[d]'" his reasons—a very deferential standard that we have, in fact, deemed "lax." *Berger v. Astrue,* 516 F.3d 539, 545 (7th Cir. 2008) (quoting *Rice v. Barnhart,* 384 F.3d 363, 372 (7th Cir. 2004)).

Long's argument that Dr. Nunez-Estrada's opinion deserves greater weight fails. Long points to no evidence that supports the restrictions in the opinion; nor does Dr. Nunez-Estrada offer any analysis to support her own opinion. In the absence of such evidence, it was not error for the ALJ to discount the opinion. Long's argument that the ALJ failed to give "good reasons" for discrediting Dr. Nunez-Estrada's opinion also fails. Although the ALJ could have provided a more thorough explanation for the weight given to the opinion, he did "minimally articulate" his rationale. For example, the medical record is silent as to the length of time Long was treated by Dr. Nunez-Estrada and it contains no additional records from Dr. Nunez-Estrada. This strikes the Court as significant; however, the ALJ fails to mention these facts in his opinion. However, the ALJ does explain that he discounted Dr. Nunez-Estrada's opinion because it was not supported by the medical evidence and reports of Long's daily activities. The ALJ further cites the testimony of Dr. Pella, who reviewed the medical record and determined Long was capable of sedentary work with an average absence rate of one day per month.

Again, the ALJ could have elaborated on his reasoning. But after reviewing the record, the Court concludes that while a remand may yield a more thorough opinion, it would also yield the same result. See *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.) Accordingly, the lack of evidence supporting Dr. Nunez-Estrada's opinion coupled with the ALJ's minimal articulation of his reason for discounting the opinion gives the Court no basis for remand.

IV.     **CONCLUSION**

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Long does not qualify for disability benefits, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

## Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger*

*v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Date: 05/29/2015

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael G. Myers
mgmyers10@sbcglobal.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov